IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

HUGUETTE NICOLE YOUNG,

      Plaintiff,

vs.

ELLEN ROSENBLOOM, *in her official capacity as Attorney General of the State of Oregon*,[1]

      Defendant.

Case No. 6:20-cv-01278-AA

**OPINION AND ORDER**

AIKEN, District Judge:

*Pro se* plaintiff Huguette Nicole Young seeks reconsideration of the Court's August 4, 2020 Order (doc. 5) denying her Application for Leave to Proceed *in forma pauperis* (doc. 1) ("IFP Application"). In her initial application and in subsequent filings, plaintiff has refused to disclose financial information that would enable the Court to meaningfully assess her IFP application. For the following reasons,

---

[1] Ellen Rosenblum is the Attorney General of Oregon. The Court will use the correct spelling of AG Rosenblum's name for the remainder of this Opinion.

Page 1 – OPINION AND ORDER

plaintiff's Motion for Reconsideration (docs. 8) and Motion to Narrow IFP Issues Ahead of a Potential Appeal (doc. 10) are DENIED.

## BACKGROUND

On August 3, 2020, plaintiff filed a Verified Complaint asking the Court to declare Oregon Governor Kate Brown's "YouTube Directive" unconstitutional and to enter a preliminary and permanent injunction barring defendant Ellen Rosenblum, Oregon's Attorney General, from enforcing the directive.[2]  Doc. 2.  Plaintiff also filed an IFP application, asking the Court to reduce the filing fee to $100 and to waive the reduced fee.  Doc. 1 at 1–2.  She provided no financial information to support her application, arguing that she should not be required to provide sensitive financial information and that the Court should allow for methods other than financial disclosure to approve an IFP application.  *Id*. at 3.  On August 4, 2020, the Court denied plaintiff's IFP application with leave to refile if she submitted financial information as proof of hardship and directed her to file a completed application or pay the full filing fee within 30 days.  Doc. 5.  The Court directed the Clerk of Court to mail plaintiff a copy of the District of Oregon's IFP petition form and warned

---

[2] The "YouTube Directive" appears to refer to a July 1, 2020 press conference that was streamed on YouTube during which Governor Brown discussed executive orders requiring Oregonians to comply with Oregon Health Authority guidelines, which include requirements that retail businesses require staff and patrons to use face coverings to limit the spread of COVID-19.  Plaintiff has filed similar cases challenging many other states' mask requirements.  *See Young v. Healey*, Civ. No. 20-11832-RGS, 2020 WL 6384314, at *1 n. 2 (D. Mass. Oct. 30, 2020) (identifying nearly identical cases and pleadings filed by plaintiff in ten other federal courts); *Young v. James*, No. Civ. 8252 (PAE), 2020 WL 6572798, at *1 & n.2 (S.D.N.Y Oct. 26, 2020) (collecting cases and noting that plaintiff "has filed virtually identical complaints in at least 36 other federal courts").

plaintiff that failure to pay the filing fee or submit a completed petition might result in dismissal of the action. *Id*.

Plaintiff responded by filing a Motion for Reconsideration (docs. 8), an Amended Complaint (doc. 9), a Motion to Narrow IFP Issues Ahead of a Potential Appeal (doc. 10), and a Motion for a Speedy Hearing under Rule 57 of the Federal Rules of Civil Procedure (doc. 11). In her Motion for Reconsideration and Motion to Narrow IFP Issues, plaintiff seeks reconsideration of the Court's denial of her IFP Application.

## DISCUSSION

"Although the Federal Rules of Civil Procedure do not expressly authorize a motion for reconsideration, '[a] district court has the inherent power to reconsider and modify its interlocutory orders prior to the entry of judgment.'" *Am. Med. Response Nw., Inc. v. ACE Am. Ins. Co.*, 31 F. Supp. 3d 1087, 1091 (D. Or. 2014) (quoting *Smith v. Massachusetts*, 543 U.S. 462, 475 (2005)); *see also* Fed. R. Civ. P. 54(b) (providing that any order or other decision that adjudicates fewer than all the parties' claims "may be revised at any time before the entry of a judgment adjudicating all the claims and all the parties' rights and liability"). Reconsideration is an "extraordinary remedy, to be used sparingly in the interests of finality and conservation of judicial resources." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Indeed, "a motion for reconsideration should not be granted, absent highly unusual circumstances, unless the district court is presented with

newly discovered evidence, committed clear error, or if there is an intervening change in the controlling law." *Id.*[3]

Plaintiff first argues that new circumstances warrant reconsideration of her IFP Application. Doc. 8 at 3; Doc. 10 at 3, 10. Plaintiff asserts that her commercial driver's license was suspended in California and Oregon, "causing plaintiff to lose her job as a truck driver and her ability to make a reasonable living indefinitely[,]" that she "is on food stamps (SNAP)," and that she "has had no income since August 11, 2020. Doc. 8 at 3. These circumstances are relevant to the Court's determination of a person's ability to pay the filing fee. Indeed, the Court's IFP Application form includes questions aimed at eliciting a person's employment status, income, and benefits received (including Social Security and SNAP). But the federal IFP statute, 28 U.S.C. § 1915, requires more than these generalized assertions of poverty. And, as another Court recently observed when faced with nearly identical filings from plaintiff, "Plaintiff appears more interested in challenging 28 U.S.C. § 1915 than in complying with the statute." *Young v. Fox*, No. CV-20-65-H-CCL, 2020 WL 6162201, at *2 (D. Mont. Oct. 21, 2020).

Section 1915(a)(1) permits a district court to authorize the commencement of civil suit without prepayment of fees or security therefor by "a person who submits an affidavit that includes a statement of all assets" and that demonstrates an

---

[3] Although *Kona Enterprises* concerned a Rule 59(e) motion for reconsideration of an order of final judgment, the same standard governs reconsideration of interlocutory orders under Rule 54(b). *Marlyn Nutraceuticals, Inc. v. Mucos Pharma GmbH & Co.*, 571, F.3d 873, 880 (9th Cir. 2009); *Am. Rivers v. NOAA Fisheries*, No. CV-04-00061-RE, 2006 WL 1983178, at *2 (D. Or. July 14, 2006) (stating that courts generally apply the same standards to motions under Rule 54(b) as those used in motions under Rule 59(e) and listing opinions).

inability to pay. 28 U.S.C. § 1915(a)(1). That affidavit "must allege poverty with some particularity, definiteness and certainty." *Escobedo v. Applebees*, 787 F.3d 1226, 1234 (9th Cir. 2015) (citing *United States v. McQuade*, 647 F.2d 938, 940 (9th Cir. 1981)); *see also Jefferson v. United States*, 277 F.2d 723, 725 (9th Cir. 1960), *cert. denied*, 364 U.S. 896 (1960) ("[I]t is proper *and indeed essential* for the [affidavit supporting an IFP application] to state the facts as to affiant's poverty with some particularity, definiteness and certainty.") (emphasis added). Although section 1915(a) does not require a litigant to demonstrate absolute destitution, *Adkins v. E.I. Du Pont de Nemours & Co.*, 335 U.S. 331, 339 (1948), the applicant must nonetheless *show* that she is "unable to pay such fees or give security therefor," 28 U.S.C. § 1915(a)(1).

In her application, plaintiff refused to provide the required statement of assets. Now, plaintiff argues that the Court erred in denying her application but fails to show that that Court's ruling was clear error. First, she argues that the federal filing fee statute, 28 U.S.C. § 1914, is unconstitutional without pointing to any legal authority or precedent. Doc. 10 at 3–4. Second, she notes that the Supreme Court has held that a plaintiff need not be "absolutely destitute" to qualify for IFP status, Doc. 8 at 5, Doc. 10 at 2; a point that is addressed above. Third, she argues that the Court should grant IFP status based on less intrusive and more "objective" means of assessing ability to pay than financial disclosure. Doc. 8 at 5–6, Doc. 10 at 4. But "[i]t [i]s within the court's discretion to make a factual inquiry ... and to deny the motion [to proceed IFP] when [applicants are] unable, or unwilling, to verify their

Page 5 – OPINION AND ORDER

poverty." *McQuade*, 647 F.2d at 940. And, if privacy is of genuine concern, plaintiff may provide her financial disclosures and move, consistent with Local Rule 5.2, to file the information under seal. Finally, she asserts that, in *Floyd v. United States Postal Serv.*, 105 F.3d 274, 275 (6th Cir. 1997), *overruled on other grounds by Callihan v. Schneider*, 178 F.3d 800 (6th Cir. 1997), the Sixth Circuit erred in holding that § 1915(a)(1)'s financial disclosure requirement applies to non-prisoners. Doc. 8 at 3–5; Doc. 10 at 4. At least three other circuit courts have adopted the Sixth Circuit's interpretation of § 1915(a)(1). *See Lister v. Dept. of Treasury*, 408 F.3d 1309, 1312 (10th Cir. 2005) (stating "[s]ection 1915(a) applies to all persons applying for IFP status, and not just to prisoners" and citing *Floyd*); *Martinez v. Kristi Kleaners, Inc.*, 364 F.3d 1305, 1306 n. 1 (11th Cir. 2004) (noting that, "[d]espite the statute's use of the phrase 'prisoner possesses,' the affidavit requirement applies to all persons requesting leave to proceed IFP" and citing *Floyd*); *Haynes v. Scott*, 116 F.3d 137, 140 (5th Cir. 1997) ("We agree with the analysis of the Sixth Circuit and hold that the affidavit requirement of section 1915(a)(1) applies to all persons applying to proceed i.f.p."). Having reviewed the decision in *Floyd*, I also agree with the Sixth Circuit's interpretation of 28 U.S.C. § 1915(a)(1).

Plaintiff's Motion to Narrow IFP Issues (Doc. 10) also contains a series of attacks on other, mostly unrelated federal statutes.[4] Doc. 10 at 5–9. She asks the Court to certify these constitutional challenges to the United States Attorney General

---

[4] For example, plaintiff attacks the constitutionality and effectiveness of the Federal Magistrates Act. Doc. 10 at 5–8. These portions of her motion appear to be a boilerplate argument that she has filed in numerous other courts and is unrelated to the facts of this case, in which no Magistrate Judge has been involved.

pursuant to Federal Rule of Civil Procedure 5.1(b). *Id.* at 9–10 (asking the court to certify constitutional challenges to 28 U.S.C. §§ 1914 and 1915(a)(1), Rule 24 of the Federal Rules of Appellate Procedure, the Federal Magistrates Act, and the 13th through 27th Amendment to the United States Constitution). As courts have explained in other cases filed by plaintiff, "Rule 5.1 does not require certification where a motion to proceed *in forma pauperis* is denied or where a suit is dismissed for failure to comply with a court order." *Young v. Frey*, No. 1:20-cv-00367-NT, 2020 WL 6826418, at *2 (D. Maine Nov. 20, 2020) (citing Fed. R. Civ. P. 5.1(c), Fed. R. Civ. P. 5.1 advisory committee's note (2006), and *Young v. Ferguson*, No. 2:20-CV-277-RMP, 2020 WL 6060875, at *2 (E.D. Wash. Oct. 14, 2020)); *see also Young v. Ferguson*, 2020 WL 6060875 at *2 (explaining that Rule 5.1 "does not control . . . where dismissal without prejudice is appropriate without proceeding further with the case because Plaintiff has failed to pay the civil filing fee or secure a waiver of the fee requirement"); *Young v. Fox*, 2020 WL 6162201 at *3 (explaining that "[c]ertification is only required under Rule 5.1(b) in this case if the Court determines that it should consider Plaintiff's constitutional challenge to the *in forma pauperis* statute. That issue is not properly before the Court at this stage in the proceeding").

## CONCLUSION

Because plaintiff has refused to provide any financial information to verify her inability to pay costs and fees and failed to raise grounds warranting the extraordinary remedy of reconsideration, her Motion for Reconsideration (docs. 8) and Motion to Narrow IFP Issues Ahead of Potential Appeal (doc. 10) are DENIED and

plaintiff is ORDERED to pay the full civil filing fee within 30 days. If plaintiff fails to do so within the time allotted, the Court will, without further notice, dismiss the Amended Complaint consistent with applicable law, including Federal Rule of Civil Procedure 41(b).

IT IS SO ORDERED.

Dated this 4th day of December 2020.

_____/s/Ann Aiken_____

Ann Aiken
United States District Judge