IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

EUGENE DIVISION

HUGUETTE NICOLE YOUNG,

    Plaintiff,

vs.

ELLEN ROSENBLOOM, *in her official capacity as Attorney General of the State of Oregon*,[1]

    Defendant.

Case No. 6:20-cv-01278-AA

**OPINION AND ORDER**

AIKEN, District Judge:

*Pro se* plaintiff Huguette Nicole Young filed this action on August 3, 2020, and sought leave to proceed *in forma pauperis*. Docs. 1, 2. On August 4, 2020, the Court denied plaintiff's IFP application with leave to refile if she submitted financial information as proof of hardship and directed her to file a completed application or pay the full filing fee within 30 days. Doc. 5. The Court directed the Clerk of Court to mail plaintiff a copy of the District of Oregon's IFP petition form and warned plaintiff that failure to pay the filing fee or submit a completed petition might result in dismissal of the action. *Id*.

---

[1] Ellen Rosenblum is the Attorney General of Oregon. The Court will use the correct spelling of AG Rosenblum's name, where applicable, for the remainder of this Opinion.

Page 1 – OPINION AND ORDER

Plaintiff responded by filing a Motion for Reconsideration (docs. 8), an Amended Complaint (doc. 9), a Motion to Narrow IFP Issues Ahead of a Potential Appeal (doc. 10), and a Motion for a Speedy Hearing under Rule 57 of the Federal Rules of Civil Procedure (doc. 11). On December 4, 2020, the Court denied the Motion for Reconsideration and Motion to Narrow IFP Issues and ordered plaintiff to pay the full civil filing fee within 30 days, warning that "if plaintiff fails to do so within the time allotted, the Court will, without further notice, dismiss the Amended Complaint consistent with applicable law, including Federal Rule of Civil Procedure 41(b)." Doc. 12 at 7–8.

Plaintiff did not pay the filing fee within the time allotted and filed a Notice of Appeal (doc. 13) on January 16, 2021.

Federal courts possess inherent authority to control their dockets and dismiss a case that a plaintiff fails to prosecute. *Thompson v. Hous. Auth. Of City of Los Angeles*, 782 F.2d 829, 831 (9th Cir. 1986). Rule 41(b) also allows for dismissal for failure to prosecute or comply with a court order. Courts may order dismissal for failure to prosecute upon a motion by a defendant or upon the court's own motion. *See Ash v. Cvetkov*, 739, F.2d 493, 496 (9th Cir. 1984). "[D]ismissal of failure to prosecute is particularly appropriate when such a failure is coupled with disobedience to court orders or a disregard of established rules." *Gierloff v. Ocwen*, No. 6:15-cv-01311-MC, 2017 WL 815118, at *1 (D. Or. Mar. 1, 2017) (citation omitted).

To determine whether to dismiss for failure to prosecute or comply with a court order, courts weigh five factors: "(1) the public's interest in expeditious resolution of

litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic alternatives." *Thompson*, 782 F.2d at 831.

Here, the public has an interest in the expeditious resolution of this case, and plaintiff's failure to pursue this case takes time from the Court's ability to manage the other cases on its docket. The risk of prejudice to defendants is neutral as they have not yet been served or appeared in this action. Though public policy favors disposition of cases on their merits, public policy does not favor cases languishing on a court's docket due to a plaintiff's refusal to comply with court rules and orders. Finally, the Court tried less drastic alternatives—first by providing plaintiff the opportunity to amend her IFP application or pay the filing fee and then by ordering plaintiff to pay the filing fee while warning her each time that failure to comply with the court's order may result in dismissal. Plaintiff failed to take advantage of these alternatives. Under these circumstances, it is well within the Court's discretion to dismiss for failure to prosecute.

Pursuant to the Court's earlier Opinion and Order (doc. 12) and Rule 41(b), this action is DISMISSED without prejudice. A judgment shall be entered accordingly. Plaintiff's Motion for Speedy Hearing (doc. 11) is DENIED as moot.

IT IS SO ORDERED.

Dated this  5th  day of February 2021.

                                           /s/Ann Aiken

                                            Ann Aiken
                                    United States District Judge